JACKSON, *ex dem.* FONDA and OGDEN, *against* TEELE.

An *award*, by the Onondaga commissioners, in favour of the grantor, in a deed, will enure to the benefit of the grantee; it being in favour of the title; and the grantee, there being no dispute between him and the grantor, need not *dissent* None but persons *aggrieved* need file a *dissent*. The act applies only to interfering and adverse claims.

THIS was an ejectment for part of lot No. 78. in *Manlius*, in the county of *Onondaga*. The cause was tried before the *Chief Justice*, at the *Onondaga* circuit, the 12th of *September*, 1808.

The plaintiff gave in evidence an *award* of the *Onondoga* commissioners, dated the 11th of *December*, 1798, in favour of *Ogden*, one of the lessors. A *dissent* to this award, in behalf of *John Taylor*, was entered on the 11th of *November*, 1800. The plaintiff also gave in evidence, a deed from *Ogden* to *Fonda*, the other lessor, dated the 19th of *December*, 1806.

The defendant proved, that he was in possession of the premises, in 1793 ; and, notice having been given to the plaintiff to produce the deed, the defendant proved that in 1796, or 1797, *Ogden* gave a deed of the lot to *Worthington Ely*, in fee, and that *Ely* gave his note for the purchase-money ; that it was agreed between *Ogden* and *Ely*, that the former should go forward and substantiate his title to the lot, before the commissioners, as *Ely* dare not appear in *Albany*, on account of debts, and that an award to *Ogden* would secure *Ely's* title. There was some dispute, afterwards, between *Ogden* and *Ely*, about the lot, and *Ogden* said, he had got *Ely's* deed, and that he kept it to coerce payment. He admitted that *Ely* had paid him 70 dollars. After the *award*, *Ogden* said that *Ely* should not have the land until he paid him ; and that he thought it a good opportunity to save himself, as he had got *Ely's* deed. *Ely* left his deed with Mr. *Graham*, whom he employed as counsel. *Ogden* took the deed from the table before the commissioners, without the leave of Mr. *Graham*. After the award, *Ogden* told *Ely the award was in his (Ely's) favour*. *Ely* died in 1807. The defendant gave in evidence a deed, dated the 13th of *January*, 1800, from *Ely* to him, for 50 acres, part of the lot No. 78. A verdict was found for the plaintiff, subject to the opinion of the court, on a case, containing the above facts.

*Cady*, for the plaintiff. The *award* of the commissioners is final and conclusive, as to the title of *Ogden*.

NEW-YORK,
Nov. 1810.

JACKSON
v.
TEELE

It is to be considered in the nature of a judgment, by which all parties are bound; and is not to be impeached in any way, or by any person, except in the manner prescribed by the statute, that is, by filing a *dissent.* In *December,* 1800, after the lapse of two years, the award was binding on *all persons,* who had not entered a *dissent.* The deed from *Ely* to *Teele,* given in *January,* 1800, ought not to have been received in evidence. The award is as conclusive as a judgment in a real action.

Again, the possession of *Teele* was not adverse. He entered, in 1793, without title; and in 1796 he claimed to hold under *Ogden.*

*Gold,* contra. The legislature, by the 6th section of the act, (2 *Rev. Laws,* 266. sess. 20. c. 51.) contemplated only *adverse* claims. The commissioners had no jurisdiction in a case between a grantor and grantee, there being no dispute as to the deed. There can be no "*interfering claims,*" between grantor and grantee; their rights are under one and the same claim. No grantee, however wary and vigilant, would ever think it necessary to enter a dissent to an award in favour of his grantor. The intendment is, as between grantor and grantee, that their rights, under the same claim, are not disputed. *Ogden* went forward as the agent of *Ely. Fonda* never pretended to make any claim, after the award.

[KENT, Ch. J. An award in favour of the grantor must enure to the benefit of the grantee.]

Again, *Teele* entered, in 1793, without claim or right. To whom then did his possession enure? To the right owner; that is, to *Ogden,* from whom *Teele* derives his title. So there is a conjunction of possession and right. A possession, not originally adverse, may become so, by a subsequent purchase.*

If a man makes a lease of land which is not his, and he afterwards purchase it; the lease will bind him, and he is estopped to say the land was not his.† *Ogden* can-

* 2 *Caines' Rep.* 183.

† 1 Ld. *Raym.* 729. 6 *Mod.* 258. *Wm. Jones,* 459. 1 *Johns. Cas.* 81.

1

not set up any claim, under the *award*, against his deed to *Ely*.

*Cady*, in reply, insisted, that by the third section of the act, the award is "binding and conclusive against *all persons*," except those who enter their dissent within two years. If this is not to be the construction, then the awards of the commissioners are never conclusive; but may be inquired into in all cases. Even if an award was obtained by fraud; yet the party aggrieved by such award must enter his dissent.

*Gold* said, fraud was an exception in all cases; and cited 1 *Fonbl.* 322. *Doug.* 630. *Talbot*, 61. 3 *P. Wms.* 844.

*Cady* observed, that if a person, knowing a judgment or decree, purchases, though for a full value, such purchase is void. (*Devon* v. *Watts*, *Doug.* 88.)

*Per Curiam.* The award in favour of *Ogden*, the grantor, enured to the benefit of *Ely*, his grantee. It was an award in favour of that title. None but the party *aggrieved* was to dissent. The act, appointing the *Onondaga* commissioners, applied only to interfering and adverse claims. It did not apply to grantor and grantee, when there was no dispute between them. The act would work monstrous injustice, on the construction contended for on the part of the plaintiffs, that the award concluded even an innocent, unsuspecting grantee under the party who procured the award, as a shield to his original title. The award, even if considered as a newly acquired title in favour of *Ogden*, enured in favour of *Ely*; for *Ogden* cannot claim against his prior deed to *Ely*; and *Fonda*, to whom he sold, is equally precluded. (*Jackson* v. *Bull*, 1 *Johns. Cas.* 81.) And, at any rate,

NEW-YORK,
Nov. 1810.

the sale to him, was void; for there was, at the time of the sale, a possession in the defendant, adverse to any existing title in *Ogden.* Judgment ought, therefore, to be rendered for the defendant.

Judgment for the defendant.(*a*)

(*a*) See *Jackson, ex dem. Dunbar and others,* v. *Todd,* (6 *Johns. Rep.* 257.)